UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN SERRANO REYES,<br><br>              Plaintiff,<br><br>       v.<br><br>HUI, et al.,<br><br>              Defendants. | No.  2:15-cv-1852 CKD P<br><br><br>ORDER |

   Plaintiff is a California prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to have all matters in this action before a United States Magistrate Judge.

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15        In order to avoid dismissal for failure to state a claim a complaint must contain more than

16  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23  at 678. When considering whether a complaint states a claim upon which relief can be granted,

24  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26  U.S. 232, 236 (1974).

27        The court has reviewed plaintiff's complaint.  Plaintiff alleges one defendant gave him too

28  much insulin and another left a large wooden paddle unsecured where another inmate had access

to it and attacked plaintiff with it.  While these allegations may amount to claims for negligence in violation of California law, they do not amount to violations of federal law.  Because the court does not have jurisdiction over claims arising under California law, 28 U.S.C. § 1330 et. seq.,[1] plaintiff fails to state a claim upon which relief can be granted in this court.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff complains about deficient medical care.  Plaintiff is informed that denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A correctional official is liable for such a violation only when the official is at least deliberately indifferent to a prisoner's serious medical needs.  Id.  Plaintiff also complains about harmful conditions of confinement.   Plaintiff is informed that under the Eighth Amendment, prison officials have a duty to take reasonable measures to guarantee the safety of inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To state a claim for failure to protect an inmate from harmful prison conditions under the Eighth Amendment, a prisoner must allege he was incarcerated under conditions posing a "substantial risk of serious harm," and deliberate indifference to that risk.  Id. at 834.

Plaintiff's amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In plaintiff's amended complaint, plaintiff may join as many claims as he wishes with respect to a particular defendant.  If he wishes to add claims against other defendants, the claims must have some relation to claims asserted against the first defendant.  See Federal Rule of Civil

---

[1] In certain circumstances, the court may exercise "supplemental" jurisdiction over claims arising under California law if they are related to claims arising under federal law.  See 28 U.S.C. § 1367.

Procedure 20(a)(2).  If plaintiff wishes to pursue unrelated claims against different defendants, he must initiate multiple actions.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, this order, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 4, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
reye1852.14

4